T.C. Memo. 2002-37


UNITED STATES TAX COURT


ALEXANDRA S. YANKWICH, f.k.a. ALEXANDRA Y. CAPPS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5028-00.                    Filed February 8, 2002.


<u>Donald S. Higley II</u> and <u>Amy Alston Wells</u>, for petitioner.

<u>Edwina L. Charlemagne</u>, for respondent.


MEMORANDUM OPINION


PAJAK, <u>Special Trial Judge</u>:  Respondent determined deficiencies of $3,812, $3,588, and $6,222 in petitioner's Federal income taxes for the taxable years 1995, 1996, and 1997, respectively.  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice

and Procedure.

After concessions by the parties, this Court must decide whether amounts received from petitioner's former spouse under a separation agreement are taxable to petitioner.

Some of the facts in this case have been stipulated and are so found. Petitioner resided in Raleigh, North Carolina, at the time she filed her petition.

Petitioner married Robert L. Capps (Dr. Capps), a licensed dentist, in 1978. A son, Alexander, was born of the marriage. Petitioner and Dr. Capps were divorced on May 22, 1995.

In 1986, Dr. Capps formed Robert L. Capps, D.D.S., P.C. (Corporation). Dr. Capps owned 100 percent of the Corporation until it was dissolved in 1997.

The Corporation entered into a dental practice partnership (Partnership) with Mark Bowman, D.D.S. (Dr. Bowman). On May 1, 1992, Dr. Bowman executed a promissory note (Note) in favor of the Corporation to acquire his Partnership interest. The Note has an original principal amount of $366,677 and is payable in monthly installments of $4,644.76, including an annual rate of interest of 9 percent.

On or about March 31, 1994, petitioner and Dr. Capps entered into a Separation Agreement and Property Settlement (Separation Agreement), consisting of 62 pages and a schedule of 9 pages. Section X.C of the Separation Agreement provides, in part:

In connection with the purchase by Mark Bowman, D.D.S., of an interest in the partnership, now known as Capps and Bowman, Bowman executed a Promissory Note dated May 1, 1992 in the original amount of Three Hundred Sixty-Six Thousand, Six Hundred Seventy-Seven Dollars ($366,677.00) in favor of Robert Capps, D.D.S., PC, which said Promissory Note is repayable in monthly installments of Four Thousand, Six Hundred Forty-four and 76/100 Dollars ($4,644.76) on the first (1st) day of each calendar month over a ten (10) year period with interest at the rate of nine percent (9%) per annum beginning June 1, 1992 with monthly payments thereafter until paid in full. Husband [Dr. Capps] hereby agrees that as and when Husband receives payments under the terms of the Promissory Note, Husband shall pay to Wife [petitioner] the full sum of One Thousand, Seven Hundred Fifty Dollars ($1,750.00) until such Promissory Note is paid in full, or otherwise is satisfied or becomes uncollectible.

Although it appears to the Court that the Corporation owned the Note, that Dr. Bowman made payments to the Corporation, that Dr. Capps received moneys from the Corporation, and that Dr. Capps made payments to petitioner, Dr. Capps and petitioner seemed to treat the Note as owned by Dr. Capps. Because it makes no difference in our ultimate resolution of this case, we generally will consider the matter as did Dr. Capps and petitioner.

Dr. Capps testified that he considered the Note to be part of the "business marital division of the marriage." He would make payments to petitioner only if Dr. Bowman paid him. Dr. Capps also said that Dr. Bowman was to continue paying him and then he (Dr. Capps) would issue a check to petitioner. The monthly payments to petitioner were to continue until the Corporation's Note was paid in full or otherwise became

uncollectible.

Section X.C of the Separation Agreement also provides, in part:

> The parties stipulate and agree that Calvin Shearin, the Certified Public Accountant of the parties during their marriage, shall determine a proportional allocation of principal and interest, which is attributable to the payment which Husband and Wife receive from time to time so that the parties can properly report such receipts on their respective income tax returns.

Petitioner received payments totaling $21,000 in each of the years 1995, 1996, and 1997 pursuant to section X.C of the Separation Agreement. Mr. Calvin Shearin (Mr. Shearin) testified that he made the allocations of principal and interest for Dr. Capps and petitioner in accordance with the Separation Agreement. Petitioner reported the following amounts of interest income on her respective Federal income tax returns:

| Year | Interest Income Reported |
|------|--------------------------|
| 1995 | $9,992 |
| 1996 | 8,960 |
| 1997 | 7,732 |

On April 11, 1997, petitioner filed a Form 1040X, Amended U.S. Individual Income Tax Return, for 1995 to claim a refund of the 1995 taxes paid on capital gain income of $11,006, which had been allocated under the Separation Agreement.

Petitioner contends that she is not liable for any capital gain income associated with the receipt of the $1,750 monthly payments for the years in issue. Additionally, petitioner

asserts that she is not taxable on the interest income amounts reported on the returns for the years in issue. In the notice of deficiency, respondent determined that petitioner is taxable on the capital gains associated with the monthly payments received by petitioner with respect to each of the years in issue. At trial, respondent conceded that some portion of each payment received by petitioner represents a nontaxable return of capital. Under this Court's disposition of this issue, this concession is moot. Respondent also argues that the interest income is taxable to petitioner in each of the years in issue.

Section 1041(a) provides that no gain or loss is recognized on a transfer of property from an individual to a spouse, or to a former spouse if made incident to a divorce, and such transfers are nontaxable gifts under sections 1041 and 102. Balding v. Commissioner, 98 T.C. 368, 373 (1992). A transfer of property is "incident to the divorce" if the transfer occurs not more than one year after the date on which the marriage ceases or the transfer is related to the cessation of marriage. Sec. 1041(c). A transfer of property is related to the cessation of marriage if the transfer is pursuant to a divorce or separation instrument, as defined in section 71(b)(2), and the transfer occurs not more than six years after the cessation of the marriage. Sec. 1.1041-1T(a), Q&A-7, Temporary Income Tax Regs., 49 Fed. Reg. 34453 (Aug. 31, 1984). Section 71(b)(2) defines a divorce or

separation instrument as including a decree of divorce or a written separation agreement.

There is no question but that the Separation Agreement is incident to the divorce between petitioner and Dr. Capps. We note that the Separation Agreement was referred to in their divorce decree. The Separation Agreement qualifies as a separation agreement within the meaning of section 71(b)(2). The transfer of each payment was related to the cessation of the marriage between petitioner and Dr. Capps, occurred less than 6 years after the cessation of that marriage, and was made to effect the division of marital property between petitioner and Dr. Capps. Therefore, section 1041(a) applies to part or all of each $1,750 monthly payment from Dr. Capps to petitioner.

Section 453B(a) provides that if an installment obligation is satisfied for less than face value, distributed, transmitted, sold, or otherwise disposed of, gain or loss shall result. Section 453B(a) does not apply to transfers of installment obligations between spouses incident to a divorce as described in section 1041(a). Sec. 453B(g)(1). In that case, the same tax treatment with respect to the transferred installment obligation applies to the transferee as would have applied to the transferor. Sec. 453B(g)(2). Respondent argues that petitioner became a transferee with respect to the portion of the Note represented by the $1,750 monthly payments and that she should be

taxed pursuant to section 453B(g).

The Note was not assigned or otherwise transferred to petitioner. The Corporation was not a party to the Separation Agreement. There is nothing in the record to show that the Corporation, as the payee under the terms of the Note, transferred any ownership rights to petitioner. Petitioner had no rights to enforce the Note between the Corporation and Dr. Bowman. Dr. Capps paid petitioner $1,750 monthly with funds he received.

Respondent argues that the legal effect of the Separation Agreement was to transfer to petitioner a beneficial ownership interest in that portion of the Note represented by her receipt of the $1,750 monthly payment. Respondent relies on Friscone v. Commissioner, T.C. Memo. 1996-193, which found that beneficial ownership of stock owned by a former spouse had been transferred to a spouse by a divorce court award of 55 percent of any and all proceeds derived from the sale of stock where the stock could not be transferred directly to the wife due to a buy-sell agreement.

Friscone is distinguishable, because among other things, there was no divorce court award of a percentage of the Note to petitioner. Moreover, in Urbauer v. Commissioner, T.C. Memo. 1997-227, this Court distinguished Friscone on its particular facts and determined that a spouse's 75-percent interest in the proceeds from the sale of a house under the terms of a property

settlement did not result in the spouse becoming the beneficial owner of 75 percent of the house.  The Court in Urbauer v. Commissioner, supra, noted there was no impediment to a division by the divorce court of the ownership of the house, but the divorce court chose not to effect a change in ownership.  Like Urbauer, in this case there was no restriction on the transfer of the Note from the Corporation to petitioner, but no such transfer was made.  The Note specifically provided for subsequent payees. Although the Note provided that the Corporation was the original payee, the term also included "any party who may subsequently hold an interest in this Note."  There actually was no change in the Corporation's ownership of the Note.  We hold that there was no beneficial ownership by petitioner in the Note executed between the Corporation and Dr. Bowman.  Since there was no transfer of the Note or of a beneficial interest in the Note, section 453B(g) is not applicable in this case.

Petitioner's receipt of $1,750 each month from Dr. Capps falls under section 1041.  As discussed above, under section 1041(a), no gain or loss is recognized on the transfer of property from an individual to a spouse, or to a former spouse if the transfer is incident to divorce.  Balding v. Commissioner, 98 T.C. 368 (1992).  But there is another factor to consider.  In Gibbs v. Commissioner, T.C. Memo. 1997-196, this Court held that the nonrecognition provided in section 1041 does not apply to

interest income received by a spouse.  We noted that section 1041 "does not provide for the exclusion of income; it provides for the nonrecognition of gain or loss under the circumstances described therein."  Id.  In Gibbs, the taxpayer recognized that each payment she received under the terms of the divorce decree consisted partially of principal and partially of interest.  The Court held that the principal portion and interest portion of the installment payments the petitioner received were "two distinct items that give rise to separate Federal income tax consequences."  Id.  The principal portion was subject to section 1041, but the interest portion was not.  Id.

The Separation Agreement provided that Mr. Shearin would ultimately determine the division between principal and interest for both petitioner and Dr. Capps.  We conclude that Dr. Capps agreed to pay petitioner monthly payments which included unstated interest to compensate petitioner for payments made over time, and, pursuant to the Separation Agreement, Mr. Shearin was delegated and performed the task of "stating" such interest for tax purposes.  Petitioner acquiesced in the allocation made by Mr. Shearin as is evident by the fact that she included the amount of her proceeds allocated to interest on her respective Federal income tax returns.

We hold that the portion of petitioner's monthly payments which was allocated by Mr. Shearin to principal is not taxable to

her.  Sec. 1041(a); <u>Balding v. Commissioner</u>, <u>supra</u>.  We also hold that the portion of the monthly payments which was allocated to interest under the terms of the Separation Agreement is taxable to petitioner.  <u>Gibbs v. Commissioner</u>, <u>supra</u>.

One other matter needs to be addressed.  Respondent determined that petitioner did not qualify for the filing status of head of household for 1997.  The petition failed to address the issue, and the record is silent on this point.  We deem this issue conceded by petitioner.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.